IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


GABRIEL PITTMAN,                       :
                                       :
          Plaintiff                    :        CIVIL NO. 3:CV-15-1793
                                       :
     v.                                :
                                       :        (Judge Conaboy)   FILED
                                       :                          SCRANTON
PRESIDENT WILLIAM CLINTON,             :
ET AL.,                                :                          OCT   2015
                                       :
          Defendants                   :                          PER ____ A
                                                                  DEPUTY CLERK

## MEMORANDUM
## Background

     Gabriel Pittman, an inmate presently confined at the Mahanoy

State Correctional Institution, Frackville, Pennsylvania (SCI-

Mahanoy) initiated this pro se civil rights action.[1]  The Plaintiff

subsequently filed a request for leave to proceed in forma

pauperis.  See Doc. 2.  The Complaint is currently before the Court

for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(b).

For the reasons that follow, Plaintiff's action will be dismissed

as frivolous.

     Named as Defendants are former President William Jefferson

Clinton, United States Senator Orrin Hatch, and unknown members of

the 104th Congress. Plaintiff alleges that the Defendants violated

--------

     [1]  Plaintiff also indicates that he wishes this matter to be
construed as a class action.  See Doc. 1, p. 1.

1

his constitutional rights via the enactment the Antiterrorism Effective Death Penalty Act.[2] Pittman generally contends that the limitations on seeking federal habeas corpus relief which were created by the AEDPA: violated his clearly established constitutionally guaranteed right to seek habeas corpus relief; exceeded the Defendants' respective legislative and executive authority; and was in violation of the separation of powers doctrine. Plaintiff seeks compensatory and punitive damages as well as injunctive and declaratory relief.

## Discussion

### Class Action

Numerous federal courts have recognized that a pro se litigant such as Pittman lacks the capacity to represent the interests of his fellow inmates in a class action. Cahn v. United States, 269 F. Supp.2d 537, 547 (D.N.J. 2003); Caputo v. Fauver, 800 F. Supp 168, 170 (D. N.J. 1992); Collinsgru v. Palmyra Board Of Education, 161 F.3d 225, 232 (3d Cir. 1998)(non-attorneys cannot litigate the rights of others); Osei-Afriye v. Medical College of Pa., 937 F.2d 876, 883 (3d Cir. 1991). It is plain error to permit a pro se inmate litigant to represent fellow inmates. Whalen v. Wiley, No. 06- 809, 2007 WL 433340 *2 (D. Col. Feb. 1, 2007).

However, a pro se litigant seeking class certification may

---

[2] On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (April 24, 1996), ("AEDPA") which modified the procedures for habeas corpus proceedings in federal Court.

"continue individually to pursue his claims." Id. Simply put, a pro se prisoner pursuing a civil rights claim in federal court "must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights." Id.; Nilsson v. Coughlin, 670 F. Supp. 1186, 1190 (S.D. N.Y. 1987).

Accordingly, since a pro se litigant cannot represent and protect the interests of a class fairly and adequately, this action will be deemed to be solely filed by Pittman. See Sacaza-Jackson v. Aviles, 2007 WL 38905 *3 (D. N.J. Jan. 4, 2007). Plaintiff's informal request for class certification will be denied.

## Standard of Review

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

## Injunctive/Declaratory Relief

The Complaint includes allegations challenging the legality of

Plaintiff's state court criminal conviction as well as well as a request for injunctive relief that he be granted a "full and fair habeas corpus proceeding." Doc. 1, ¶ V.

Inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriquez, 411 U.S. 475 (1975). The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus. See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985).

The United States Supreme Court in Edwards v. Balisok, 520 U.S. 641, 646 (1997), similarly concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action. Id. at 646. Based on the reasoning announced in Georgevich and Edwards, Plaintiff's present claim that the AEDPA is unconstitutional and any related habeas corpus type requests to have his criminal conviction overturned are not properly raised in a civil rights complaint. Accordingly, any such claims will be dismissed without prejudice to any right Plaintiff may have to pursue such arguments via a federal habeas corpus petition.

**Statute of Limitations**

In reviewing the applicability of the statute of limitations to a civil rights action, a federal court must apply the appropriate state statute of limitations which governs personal injury actions.

4

<u>Wilson v. Garcia</u>, 471 U.S. 261, 276 (1985); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 457 n. 9 (3d Cir. 1996); <u>Cito v. Bridgewater Twp. Police Dep't</u>, 892 F.2d 23, 25 (3d Cir. 1989).

The United States Supreme Court clarified its decision in <u>Wilson</u> when it held that "courts considering § 1983 claims should borrow the general or residual [state] statute for personal injury actions." <u>Owens v. Okure</u>, 488 U.S. 235, 250 (1989); <u>Little v. Lycoming County</u>, 912 F. Supp. 809, 814 (M.D. Pa.), aff'd 101 F.3d 691 (3d Cir. 1996)(Table). Pennsylvania's applicable personal injury statute of limitations is two years. <u>See</u> 42 Pa. Cons. Stat. Ann. § 5524(7) (Purdon Supp. 1996); <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 190 (3d Cir. 1993); <u>Smith v. City of Pittsburgh</u>, 764 F.2d 188, 194 (3d Cir.), <u>cert. denied</u>, 474 U.S. 950 (1985). Finally, the statute of limitations "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the Section 1983 action." <u>Gentry v. Resolution Trust Corp.</u>, 937 F.2d 899, 919 (3d Cir. 1991) (citations omitted).

In his complaint, Plaintiff clearly alleges that the underlying constitutional misconduct occurred on April 24, 1996, when Congress enacted the AEDPA. Pittman's pending Complaint is dated September 10, 2015, and will be deemed filed as of that date. <u>See</u> <u>Houston v Lack</u>, 487 U.S. 266, 271 (1988)(a prisoner's complaint is deemed filed at the time it was given to prison officials for mailing to the Court). Despite Plaintiff's vague contention that he did not discover that Defendants acted in a purportedly unconstitutional

manner until September 1, 2015,[3] it is apparent that Plaintiff obtained knowledge of the purported violations of his constitutional rights at the time the AEDPA was enacted or shortly thereafter, yet he failed to initiate this action within the following two (2) years but rather waited over nineteen (19) years before seeking relief.

Although the statute of limitations is an affirmative defense which may be voluntarily waived, it has been recognized that a district court may voluntarily dismiss as frivolous a complaint when it is apparent on its face that the statute of limitations has expired. See Ray v. Kertes, 285 F.3d 287, 293 n. 5 (3d Cir. 2002)(a district court has inherent power to sua sponte dismiss a complaint which facially violates a bar to suit); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995); Miller v. Hassinger, Civil No. 02-1520, slip op. at 4 (M.D. Pa. Sept. 30, 2002)(Muir, J.); Norris v. Vaughn, Civil No. 00-1856, slip op. at 4 (M.D. Pa. Oct. 30, 2000)(Rambo, J.). Consequently, the present complaint, which seeks relief regarding a 1996 legislative enactment, is clearly barred by Pennsylvania's controlling statute of limitations.

**AEDPA**

Plaintiff contends that he is entitled to relief because the AEDPA is unconstitutional. It is noted that Pittman has not provided the Court with any authority whatsoever supporting his vague contentions that the AEDPA is unconstitutional. He also does

---

[3] See Doc. 1, p. 3, ¶ 1.

not set forth any discernible basis which would warrant a holding that the AEDPA is unconstitutional.

Furthermore, since its inception in 1996 federal court across the country including our own Third Circuit Court of Appeals have continuously applied the provisions of the AEDPA. See generally, United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). This Court is also not aware of any holding by any federal court which has determined that the AEDPA is unconstitutional. Likewise, based upon a careful review of the Petition, Pittman has not set forth any discernible argument or facts which could conceivably support a finding that the AEDPA is unconstitutional.

Pursuant to the above discussion, even if this matter was to be deemed timely filed, Plaintiff's wholly speculative unsupported bald assertions that the AEDPA is unconstitutional lack arguable legal merit.

**Heck**

The United States Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994), ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

As previously noted, Pittman's action raises claims that his state criminal conviction should be overturned because the AEDPA is unconstitutional.  Based on the nature of Plaintiff's allegations, a finding in his favor would imply the invalidity of his ongoing state confinement.  There is no indication that Pittman has successfully appealed or otherwise challenged his state criminal conviction.

Consequently, pursuant to Heck, Plaintiff's instant Complaint to the extent that it seeks an award of monetary damages on the basis of and illegal Pennsylvania state conviction and confinement is premature because he cannot maintain a cause of action for an unlawful conviction or an excessive imprisonment until the basis for the conviction and imprisonment is overturned.

## Conclusion

Since Pittman's civil rights complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous.  Wilson, 878 F.2d at 774.  An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: OCTOBER 21, 2015

8